[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a statutory appeal concerning unemployment CT Page 424 compensation. The record is as follows. The administrator granted the claimant's application for benefits. The employer appealed the decision of the Administrator. The Appeals Referee conducted a hearing de novo, made findings of fact and affirmed the decision of the Administrator. The employer appealed that decision to the Board of Review. The Board modified the findings of the Appeals Referee and reversed his decision. The claimant appealed the decision of the Board to the Superior Court.
The Board of Review (The Board) in this case has based its reversal of the decision of the Appeals Referee on its own modification of the Appeals Referee's findings of fact.
Under the provisions of CGS § 31-249 ". . . In any case in which the board modifies the Referee's findings of fact . . . the board decision shall include its findings of fact and conclusions of law." In the instant case the Board did not receive any additional evidence but based its modified findings on the evidence presented at the July 14, 1994 hearing before the Appeals Referee.
A review by this court of the written transcript of the July 14, 1994 proceedings before the Appeals Referee leads this court to conclude that the Board of Review's modified findings of fact are not supported by the evidence presented at the July 14, 1994 hearing.
The evidence clearly supports the findings of the Appeals Referee that a material change in the conditions of employment was created by the employer when the claimant was told she was to go from her accounts receivable job to that of accounts payable. It is undisputed that the accounts payable job required substantially different skills than the claimant's former job.
This change was presented by the employer to the claimant as a "take it or leave it" situation. If she didn't take the accounts payable position she would be terminated. Nor were any reasons given the claimant as to why the change was being made. Absent such reasons, she would not be in a position to make a decision as to whether a trial run on that job, as posited by the Board, would accomplish anything toward a resolution of her concerns. CT Page 425
Here is a situation where the claimant had nothing in her previous evaluations to alert her to any concerns on the part of the employer as to her ability to carry on with her accounts receivable job. In fact the very thing her employer claimed at the hearing she was deficient on i.e. analytical skills, he had rated her excellent on in her previous interim evaluation.
Finally, the employer cannot seek to avoid the consequences of its action by pointing to a job designation which encompasses more than one position, as a basis for its claim that it reserved the right to change job functions at will. The undisputed evidence is that this was not communicated to the claimant at the time she was hired nor had any cross job activity in fact taken place during the time the claimant worked for that employer.
The decision of the Board of Review is reversed and the decision of the Appeals Referee is reinstated.
M. Hennessey, J.